O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUANDA BOND,<br><br>                Plaintiff,<br><br>    vs.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>                Defendant. | CASE NO. ED CV 10-00106 RZ<br><br>MEMORANDUM OPINION AND ORDER |

        Plaintiff returns to this Court after a previous Court remand to the Commissioner, this time arguing that the Commissioner wrongly rejected the lay information from two witnesses, wrongly discounted her credibility, and wrongly assessed her residual capacity to function. The Court disagrees.

        Lay testimony is valid opinion testimony, which the Administrative Law Judge must consider. *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996). When the Administrative Law Judge does not address such evidence, the error is not harmless unless it is clear that, had the information been credited, no Administrative Law Judge could have reached a contrary disability determination. *Stout v. Commissioner, Social Security Administration*, 454 F.3d 1050, 1056 (9th Cir. 2006). Where the Administrative Law Judge does consider the lay witness evidence but finds it not persuasive, however, the situation differs. Then the question is whether the Administrative Law Judge has given

reasons for rejecting the information that are germane to the witness. *Carmickle v. Commissioner*, 533 F.3d 1155, 1164 (9th Cir. 2008), *citing Greger v. Bernhart*, 464 F.3d 968, 972 (9th Cir. 2006).

Plaintiff complains of the Administrative Law Judge's evaluation of lay witnesses Carr and Moore. As to each, however, the Administrative Law Judge gave reasons that were germane to that particular witness. Unlike the situation in *Smolen v. Chater,* 80 F.3d 1273 (9th Cir. 1996), and *Valentine v. Commissioner*, 574 F.3d 685 (9th Cir. 2009), the Administrative Law Judge here did not give reasons that, *in general*, would have discredited the witnesses' testimony, such as conclusions that family members necessarily are biased in their assessments. Rather, here, the Administrative Law Judge's reasons targeted each of the individuals. Adriona Carr submitted a statement dated November 14, 2005, that was contradicted by medical examinations conducted just about the same time, one from an orthopedist on November 22, 2005, and one from a psychiatrist on January 16, 2006. Thus, the reasons given by the Administrative Law Judge were reasons that were germane to the specific person whose statement was considered.

Whether those reasons, while germane, are sufficient presents a difficult decision under the law of the Ninth Circuit, for there are two strands of cases addressing the issue, but neither cites the other. On the one hand, in *Smolen v. Chater*, *supra*, the Court found that it was error to reject the testimony of family members in part on the grounds that their testimony was not consistent with medical records, because the Administrative Law Judge had an obligation to consider the testimony of lay witnesses where the claimant's alleged symptoms are unsupported by medical records. 80 F.3d at 1289, *citing* SSR 88-13. *Smolen* was followed as recently as 2009 in *Bruce v. Astrue*, 557 F.3d 1113, 1116 (9th Cir. 2009) ("Nor under our law could the ALJ discredit her lay testimony as not supported by medical evidence in the record," *quoting Smolen, op cit.*). On the other hand, *Smolen* did not address the earlier-decided case of *Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984), in which the Court said that "[t]he ALJ properly discounted lay testimony that conflicted with the available medical evidence." *Vincent* has

received the continuing support of the Circuit, being cited in *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001) ("One reason for which an ALJ may discount lay testimony is that it conflicts with medical evidence," *citing Vincent, op cit.*). *Lewis*, in turn, has been cited for this same proposition by *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005). Thus, the *Smolen* line of cases is at odds with the *Vincent* line, and neither line of cases addresses the other line.

In this case, the Court finds more persuasive the *Vincent* line of cases, providing that the Court should uphold the assessment of the Administrative Law Judge if the ALJ concludes that the medical evidence contradicts the lay witness statement. To begin with, the rationale that underlay *Smolen* has undergone change. *Smolen* quoted from SSR 88-13 to the effect that where an "allegation [of subjective symptom] is not supported by objective medical evidence in the file, the adjudicator shall obtain detailed descriptions of daily activities by directing specific inquiries about the [symptom] and its effects to . . . third parties who would be likely to have such knowledge." SSR 88-13, *quoted in Smolen*, 80 F.3d at 1289. SSR 88-13 itself has been superseded, *see* SSR 95-5p (1995), and, according to SSR 95-5p, the policy interpretations set out in SSR 88-13 have been codified in properly noticed and adopted administrative regulations. *See Massey v. Commissioner*, __ Fed. Appx. __ n.1, 2010 WL 4116618 (9th Cir. Oct. 19, 2010); 20 C.F.R. §§ 404.1529(c)(3) and 416.929(c)(3). Section 404.1529(c)(3) states in part:

> Because symptoms, such as pain, are subjective and difficult to quantify, any symptom-related functional limitations and restrictions which you, your treating or examining physician or psychologist or other persons report, *which can reasonably be accepted as consistent with the objective medical evidence and other evidence*, will be taken into account as explained in paragraph (c)(4) of this section in reaching a conclusion as to whether you are disabled.

20 C.F.R. § 404.1529(c)(3) (emphasis added). Thus, the gist of what started out as SSR 88-13 as requiring consideration of lay testimony now appears in the Code of Federal Regulations, and says that the lay testimony must be consistent with the objective medical evidence. The regulations further state that "Your symptoms, including pain, will be determined to diminish your capacity for basic work activities to the extent that your alleged functional limitations and restrictions due to symptoms, such as pain, *can reasonably be accepted as consistent with the objective medical evidence and other evidence.*" 20 C.F.R. § 404.1529(c)(4) (emphasis added). Thus, while the portion of SSR 88-13 that requires consideration of lay evidence has been retained, and further developed by case law, *see, e.g., Nguyen, supra; Lewis, supra; Stout, supra*, the regulations now provide fairly explicitly that one factor for rejecting subjective testimony can be its conflict with the medical evidence.

*Bruce*, which cited *Smolen*, did not address the underlying rationale for *Smolen*, but the statements in *Bruce* adverting to *Smolen* and SSR 88-13 furthermore may be considered dicta, for there the Court pointed out that the Administrative Law Judge actually had found the lay person to be credible, and thus the Administrative Law Judge's reason for rejecting the lay testimony not only was inadequate, but also was inconsistent. Even in *Smolen*, the statement about conflict with the medical records might be said to be dicta, because, as the Court pointed out, the Administrative Law Judge in that case did not give reasons germane to the particular lay witnesses for rejecting their testimony. *Smolen*, 80 F.3d at 1289.

Given these distinctions, the best the Court can do to reconcile the lines of cases, insofar as they pertain to the within case, is to apply the *Vincent* line of cases here. Moreover, the law also is clear that an Administrative Law Judge may reject the testimony of a *claimant* at least in part on the grounds that it conflicts with the medical records. *Rollins v. Massanari*, 261 F. 3d 853, 857 (9th Cir. 2001). It would not be sensible that the claimant's own statements could be rejected on such a basis, but that the statements of third-party observers could not be so treated.

Finally, in this particular case, we deal not just with an inconsistency between the lay opinion and the expert opinion, but with fairly direct contradiction. Eight days after lay witness Carr filled out a function report, expert witness Dr. Conaty, an orthopedist, reached a contrary conclusion. Plaintiff had had hand surgery. The Administrative Law Judge recounted that the lay witness said, among other things, that Plaintiff drops things due to spasms; the expert witness said that there was "no basis to diagnos[e] anything beyond status postoperative ligamentous reconstruction of the right thumb, with objective excellent surgical results. He stated there was no clear reason why the claimant should be experiencing any discomfort in her right hand. Dr. Conaty opined the claimant could perform a full range of medium work." [AR 383] Lay witness Carr also reported that Plaintiff rested most of the day "due to depression, nausea, and fatigue." Two months later, however, expert witness Dr. Smith, a psychiatrist, "opined '[a]t most, she [the claimant] may be very mildly impaired.'" [AR 383]

Lay witness Carr's further reference to Plaintiff's suffering nausea [AR 383], is best understood in the discussion concerning Plaintiff's medications. Plaintiff herself reported that the Wellbutrin she takes causes nausea, vomiting and constipation. [*Id.*] However, the Administrative Law Judge also noted that Plaintiff continued taking the medication despite its well-known side effects and that Plaintiff ignored alternative prescription treatment. Plaintiff also testified somewhat inconsistently about the impact of Wellbutrin. [AR 383-84] Thus, the lay witness' statement concerning Plaintiff's nausea was not rejected out of hand, but rather also was assessed properly by the Administrative Law Judge. [*Id.*]

The Administrative Law Judge also gave little weight to the third-party statement of the other lay witness, Kimberly Moore. [AR 384] Here, however, the basis of the rejection was not any inconsistency with the medical records, but rather the view that witness Moore was not that familiar with Plaintiff's day-to-day functioning. [*Id.*] In this Court Plaintiff argues with that conclusion, but it was a conclusion the Administrative Law Judge was privileged to make.

The Administrative Law Judge also said that the witness Moore's function report reiterates Plaintiff's complaints. But the Administrative Law Judge found that Plaintiff also was not fully credible, and it is permissible to discredit a third-party witness on the same basis as the claimant herself. *Valentine v. Commissioner*, 574 F.3d 685, 694 (9th Cir. 2009). In this Court, moreover, Plaintiff does not challenge the credibility finding as to herself, except with respect to the determination as to her mental impairments. (Plaintiff's Memorandum in Support of Complaint 7:10-11.) The Administrative Law Judge, however, found that Plaintiff did not have a severe mental impairment [AR 381], and Plaintiff does not challenge that determination. Even if she did, the determination is backed by substantial evidence, including the medical opinions of Dr. Smith [cited at AR 383] and Dr. Abejuela [cited at AR 386]. These opinions, together with the Administrative Law Judge's findings as to the effectiveness of Wellbutrin, and the discrediting of Plaintiff's complaints about the medication's side effects, provided more than sufficient basis for the Administrative Law Judge's conclusions.

While Plaintiff does not challenge the severity finding as to her mental impairments, she does assert that the Administrative law Judge's assessment of her residual functional capacity was erroneous because it did not take into account certain limitations that the psychiatrists mentioned. Both psychiatrists said that Plaintiff had mild limitations in her ability to carry out complex commands. [AR 186 (Dr. Smith); AR 606 (Dr. Abejuela)]. However, Dr. Smith, in her narrative, in fact said that "[*a*]*t most*, [Plaintiff] may be *very* mildly impaired" [AR 186 (italics added)], and Dr. Abejuela said that "my overall assessment is the claimant's occupational and social functioning impairment is *none to mild*." [AR 606 (italics added)]. In the face of such tepid evaluations, the Administrative Law Judge was not required to include further limitations, based on any mental impairment, in any hypothetical question to the vocational expert, or to conclude that Plaintiff could not act as a cashier or information clerk, jobs for which the Administrative Law Judge found she was qualified.

The Court sees no reversible error. Accordingly, the decision of the Commissioner is affirmed.

DATED: October 25, 2010

```
                                    _____
                                            RALPH ZAREFSKY
                                    UNITED STATES MAGISTRATE JUDGE
```